# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| LAURA CHRISTINE RICHEY, )<br>      Plaintiff, )<br>)<br>vs. )  No. 07-6008-CV-SJ-FJG<br>)<br>JIM HAWK TRUCK TRAILER, INC., )<br>      Defendant. ) | |

## ORDER

Currently pending before the Court is Plaintiff's Motion for Additional Time to Complete Discovery (Doc. No. 16) and Defendant's Motion to Dismiss Plaintiff's Complaint and its Suggestions in Opposition to Plaintiff's Motion for Extension of Time (Doc. No. 17). The Court will consider each motion below.

**A. Plaintiff's Motion for Additional Time to Complete Discovery (Doc. No. 16)**

Plaintiff filed this motion on July 31, 2007, which was the day discovery closed per the Court's Scheduling Order (Doc. No. 10). Plaintiff seeks a 60-day extension of the close of discovery until September 30, 2007 due to plaintiff's family circumstances. Plaintiff's counsel states he learned from his client that plaintiff's son suffered a horrible injury in April 2007 while riding his 4-wheeler at the Lake of the Ozarks. According to plaintiff's counsel, plaintiff's son's injury has required him to be hospitalized for a significant amount of time. Additionally, plaintiff's former husband also suffered a brain injury during the Memorial Day weekend which left him paralyzed. Defense counsel had scheduled plaintiff's deposition for July 30, 2007, but plaintiff did not attend because plaintiff's counsel was unable to get a hold of his client. Plaintiff's counsel states his client had needed additional time for her

to deal with her son's health and for her to become available for her deposition and other discovery. Counsel for plaintiff further states that plaintiff is not able to proceed with her case and will now be available for depositions.

Defendant opposes plaintiff's motion to extend the close of discovery. Defendant argues plaintiff has not demonstrated good cause to extend the Scheduling Order deadlines. Defendant adds the deadlines should not be changed when the actions of plaintiff's counsel have been dilatory and disingenuous. Defendant notes that plaintiff's responses to defendant's discovery requests were due April 15, 2007, but plaintiff's counsel did not respond until July 27, 2007 despite defense counsel's numerous attempts to contact plaintiff. Defendant also points out that defense counsel attempted to schedule plaintiff's deposition many times, but was unsuccessful and finally had to notice plaintiff's deposition for the end of July. However, defendant states that plaintiff never showed for the deposition. While defendant agrees that plaintiff's son's situation is unfortunate, defendant asserts that the unfortunate situation does not explain the four-month delay in scheduling plaintiff's deposition nor the other untimely discovery responses. Defendant states "[t]o now seek a discovery extension at the eleventh hour - after the deposition had already been scheduled after multiple written and verbal requests which went unresponded to - is simply inexcusable."

Under Fed. R. Civ. 60(b), a showing of "excusable neglect" must be demonstrated before the Court can allow a party to complete an act once the deadline has passed. Excusable neglect is "good faith and some reasonable basis for noncompliance with the rules." *See* Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997) (quoting Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996)). The Court finds

2

Case 5:07-cv-06008-FJG   Document 21   Filed 08/30/07   Page 2 of 6

plaintiff has not demonstrated excusable neglect. The Court agrees with defendant that while plaintiff's situation is very unfortunate, it does not excuse plaintiff's counsel from timely notifying the Court of plaintiff's situation given that plaintiff's counsel knew of plaintiff's situation since at least June. Per the Court's Scheduling Order (Doc. No. 10), close of discovery closed on July 31, 2007. Paragraph 1 of the Scheduling Order is clear that "close of discovery means that all discovery, including the taking of depositions, shall be completed not simply submitted on the date specified by this paragraph." The Scheduling Order further states that counsel should be aware "that the Court expects discovery to proceed in a **timely** manner" (emphasis added). Plaintiff not only waited until July 31, 2007, the day of the close of discovery, to request the Court to extend discovery, but counsel delayed until the end of July to notify the Court of his client's situation. Plaintiff's counsel could have responded to defendant's discovery requests in a timely fashion, notified defense counsel and the Court of plaintiff's situation earlier, and responded to defense counsel's numerous emails and letters. Plaintiff's personal situation does not excuse plaintiff's counsel from exercising his duties in this case. This Court will not reward plaintiff's counsel with another opportunity to conduct discovery in this case. Therefore, the Court hereby **DENIES** plaintiff's motion for additional time to conduct discovery (Doc. No. 16).

**B.    Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 17)**

Defendant requests this Court to dismiss plaintiff's Complaint for the failure of plaintiff's counsel to prosecute this case. Defendant argues that the reasons plaintiff's counsel has provided are disingenuous. Defendant compared this case to Scola v.

3

Countrywide Home Loans, Inc., Case No. 05-1170-CV-W-FJG, 2007 U.S. Dist. LEXIS 9458, *8-9 (W.D. Mo. Feb. 9, 2007), where this Court dismissed plaintiff's case with prejudice when plaintiff's counsel neglected his duties to his case. This Court stated "[r]ather than making attempts to notify the Court of plaintiff's situation, counsel left deadlines dormant with the Court and chose not to act on behalf of his client." Id. Defendant states the same is true here because plaintiff's counsel could have conveyed the situation of plaintiff's son to defense counsel and to the Court given that plaintiff's counsel has been aware of plaintiff's situation for some time. Defendant also points out that plaintiff's situation did not affect plaintiff's counsel's ability to serve discovery on defendant or to schedule depositions.

In the alternative, defendant asks the Court for plaintiff to be made available for deposition no later than August 31, 2007 and conditioned on payment by plaintiffs of related and associated fees and expenses. Defendant states that Rule 16(f) allows for the assessment of expenses when a party does not comply with the Court's Scheduling Order.

Plaintiff responds with the same reasons plaintiff's counsel gave for extending the close of discovery–plaintiff's son's injury as well as the condition of her former husband demonstrate good cause for denying defendant's motion to dismiss. Plaintiff adds that extending the close of discovery will not drastically alter the proposed trial date of March 2008 and it will not prejudice defendant. Further, plaintiff states that she did not candidly convey complete information about her son and her former husband to plaintiff's counsel until after she moved her son because plaintiff did not want to divulge the extent of her family situation.

Defendant replies that plaintiff's unfortunate situation does not justify plaintiff's

4

conduct prior to her son's injury.  For example, defendant notes that plaintiff's initial disclosures were due on February 16, 2007 before her son's injury occurred, but plaintiff did not provided them until May 2, 2007.  Plaintiff's discovery responses were due on April 15, 2007, but plaintiff did not provide them until July 2, 2007.  Thus, defendant argues that plaintiff's dilatory tactics began even prior to when her unfortunate circumstances arose.

The Court finds that plaintiff's counsel's actions do not as of yet warrant dismissal of this case.  The Court does not take lightly the dismissal of plaintiff's case nor does the Court condone plaintiff's counsel's neglect in prosecuting his client's case.  However, the Court finds that this case is different than Scola, where plaintiff's counsel had consistently missed the Court's deadlines in the Scheduling Order such as missing the deadline for filing witness and exhibit lists as well as designating plaintiff's expert.  Plaintiff's counsel in this case rather has failed to timely complete discovery and seeks to extend the close of discovery deadline, but it does not appear that plaintiff's counsel has consistently missed Scheduling Order deadlines.  Therefore, the Court hereby **DENIES** defendant's motion to dismiss plaintiff's Complaint (Doc. No. 17).  However, the Court cautions plaintiff's counsel that failure to meet future Scheduling Order deadlines may result in dismissal of this action.

In regards to defendant's request for additional time to conduct deposition of plaintiff and for payment of fees by plaintiff, the Court will **PROVISIONALLY DENY** defendant's request.  Although defendant is correct that plaintiff's counsel had a duty to notify the court of plaintiff's situation, defense counsel also had a duty to notify this Court of the discovery dispute issues she was having with plaintiff's counsel.  According to defendant's time line of events in its motion, defense counsel was aware in June 2007 that plaintiff's counsel was

5

not cooperating in discovery. However, defense counsel waited until August 6, 2007, ***after*** the close of discovery, to notify the Court of the discovery dispute issues in this case. Defendant was under an obligation to raise its discovery dispute issues with the Court in a timely manner pursuant to Local Rule 37.1 rather than raise these issues for the first time on a motion to dismiss. While the Court recognizes defense counsel's diligent efforts in contacting plaintiff's counsel and the difficult situation in conducting discovery with an uncooperative party, had defense counsel raised these issues earlier, the Court could have assisted in resolving these issues in a discovery dispute teleconference.

Additionally, defendant failed to explain in its motion why it has delayed in raising these issues with the Court. Defendant must demonstrate good cause for its delay before the Court can grant defendant's request for additional time to conduct discovery. Therefore, defendant's request for additional time to conduct plaintiff's deposition and for payment of fees is **PROVISIONALLY DENIED**.

**IT IS SO ORDERED**.

Date:  8/30/07  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge